## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PAMELA TABATT, | ) |
| | ) |
| Movant, | ) |
| | ) |
| | ) 4:18-CV-528 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the

Court will order movant to show cause why the motion should not be summarily

dismissed.

On March 15, 2016, movant pled guilty to conspiracy to distribute and possess

with intent to distribute controlled substances and controlled substance analogues,

conspiracy to introduce and receive misbranded drugs in interstate commerce, and money

laundering. On July 20, 2016, the Court sentenced movant to 150 months' imprisonment.

Movant did not appeal. *See United States v. Tabatt*, No. 4:14-CR-187 JAR (E.D. Mo.).

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States

District Courts provides that a district court may summarily dismiss a § 2255 motion if it

plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the

2

judgment was entered on July 20, 2016. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on August 3, 2017.

In her motion, movant declares under penalty of perjury that she placed the motion in the prison mail system on July 17, 2017. In a letter dated March 15, 2018 attached to the motion, however, movant states she is "resending my Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. There is a copy with the date and witness signature that the BOP provide for me when I first sent out my 2255 to the courts." (ECF No. 1-1 at 8).

The Court received the motion April 5, 2018, and this is the only § 2255 motion movant has filed with the Court. The envelope in which the motion was sent is date-stamped March 17, 2018, although the date stamp is slightly illegible. Also, the envelope is stamped with the following:

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Mailed: 3/27/18 [handwritten]
The enclosed letter was processed through special
Mailing procedures for forwarding to [illegible] letter
Has neither been opened nor inspected [illegible]
Raises a question or problem over [illegible]
Has jurisdiction, you may wish to [illegible]
For further information or clarifica[tion] [illegible]

The date movant signed the motion is not controlling; the date movant deposited the envelope in the prison mailing system is the controlling factor. *See Paige v. United States*, 171 F.3d 559, 560 (8th Cir. 1999) (finding under prison mailbox rule that § 2255

3

motion is deemed filed when it is deposited in the prison mail). According to plaintiff's letter to the Court, on or after March 15, 2018, plaintiff deposited in the prison mail system a copy of a § 2255 motion dated July 17, 2017. This § 2255 motion had not been filed previously in this Court or in any other federal district court. Because it was not deposited in the prison mailing system until on or after March 15, 2018, the motion appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, her § 2255 motion will be dismissed without further proceedings.

Dated this 11TH day of April, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4