UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA TABATT, | )<br>) |
| Movant, | )<br>) |
| v. | ) No. 4:18-CV-528 JAR<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following the Court's Order to Show Cause dated April 11, 2018 (ECF No. 2). In its Order to Show Cause, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time barred. Movant has filed no response, and the time for doing so has passed. For the following reasons, the Court concludes that that the instant action is time barred under 28 U.S.C. § 2255.

### 28 U.S.C. § 2255

On March 15, 2016, movant pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances and controlled substance analogues, conspiracy to introduce and receive misbranded drugs in interstate commerce, and money laundering. On July 20, 2016, the Court sentenced movant to 150 months' imprisonment. Movant did not appeal. *See United States v. Tabatt*, No. 4:14-CR-187 JAR (E.D. Mo.).

Movant's criminal judgment became final for purposes of calculating the time for filing a motion under § 2255 when the time for filing a direct appeal expired, or August 3, 2016. Movant

1

filed her federal writ of habeas corpus, pursuant to 28 U.S.C. § 2255 by placing the current motion in the mail on March 15, 2018.

## Discussion

Pursuant to 28 U.S.C. § 2255(f), a movant has one year from the date her judgment of conviction becomes final within which to file a motion for writ of habeas corpus. Where, as here, movant did not appeal her criminal judgment, the criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on July 20, 2016. Fed. R. App. Proc. 4(b)(1). As a result the one-year period of limitations under § 2255 expired on August 3, 2017. Movant did not file her § 2255 motion until March 15, 2018. *See* ECF No. 1-1 at 8.

As movant has failed to respond to the Court's Order to Show Cause dated April 11, 2018, she has failed to give any reason why her untimeliness should be excused. The Court must dismiss the motion under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of May, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE